# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES JORDANOFF IV, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-15-966-R ) |
| JOE LESTER et al., | ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff James Jordanoff IV, a state inmate appearing pro se and proceeding *in forma pauperis*, has filed suit under 42 U.S.C. § 1983, seeking damages against Cleveland County Sheriff Joe Lester and the "nursing staff" at Cleveland County Jail in Norman, Oklahoma. *See* Compl. (Doc. No. 1) at 1-7.[1] United States District Judge David L. Russell has referred Plaintiff's case to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636. For the reasons that follow, the undersigned recommends that the Complaint be dismissed on screening because it fails to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

The Court must screen the Complaint in order to identify its cognizable claims and dismiss the pleading, or any portion thereof, if it fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c)(1). To

---

[1] Citations to documents filed with this Court use the page numbers assigned by CM/ECF. When quoting from Plaintiff's filing, the undersigned has occasionally altered capitalization, punctuation, and unambiguous abbreviations or spelling errors to improve readability.

survive dismissal a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007); Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the well-pled factual allegations, accepted as true and viewed in the plaintiff's favor, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" under the governing law.[2] *Iqbal*, 556 U.S. at 678, 679; *accord Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013).

PLAINTIFF'S ALLEGATIONS AND RELIEF SOUGHT

Plaintiff challenges two particular conditions of confinement at the jail as "posing [an] imminent threat of physical harm" to himself "and other inmates." Compl. at 2, 3-4. First, Plaintiff alleges that "jail officials are ordering [the] inmates who[] are detoxing off of drugs and alcohol" to "sleep off" the intoxicants' effect "on double bunks [that] are a good five or so feet off the ground above [a] concrete floor," which creates a "fall hazard[] for . . . those inmates" whose "motor skills [are] compromised by drugs and alcohol." *Id.* at 4. Plaintiff does not allege that he personally has been ordered to "detox" upon one of these raised bunks. *See id.* at 2-4.

---

[2] A pro se plaintiff's complaint is "construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," so that any potentially valid claim can be fairly decided on its merits. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a pro se plaintiff must allege "facts on which a recognized legal claim could be based," *id.*, and district courts should not "construct . . . claims or grounds [for] relief" not fairly presented in the complaint, *Windsor v. Colo. Dep't of Corr.*, 9 F. App'x 967, 970 (10th Cir. 2001).

Second, Plaintiff alleges that "jail officials and nursing staff" have ordered mentally ill inmates "on suicide watch" "to be housed in those same cells with double bunks" even though the officials know that individuals whose "reasoning skills [are] compromised by mental illness are at [a] heightened risk in their psychosis to injure themselves . . . by falling from top bunks." *Id.* at 4. Plaintiff alleges that he was housed in a double-bunk cell for this reason but does not state that he was assigned a raised bunk, fell from a raised bunk, or was in that way or otherwise injured. Plaintiff seeks $10,000 in damages against Sheriff Lester and the "jail medical services" department's "nursing staff." *Id.* at 1-2, 6.

ANALYSIS

To state a claim for relief under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Determining whether a pleading clears this threshold is "a context-specific task," *Iqbal*, 556 U.S. at 679, that depends both on the constitutional violation alleged, *Graham v. Connor*, 490 U.S. 386, 393-94 (1989), and the capacity in which the defendant is sued, *Kentucky v. Graham*, 473 U.S. 159, 165-68 (1985). Plaintiff does not say whether he is suing Sheriff Lester and the jail "nursing staff" in their individual capacities, official capacities, or both. *See* Compl. at 1-2, 7. Because Plaintiff seeks only money damages, however, the undersigned assumes that this is strictly an individual-capacity lawsuit. *Cf. Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money

damages and official-capacity defendants only for injunctive relief." (citing *Hafer v. Melo*, 502 U.S. 21, 30 (1991)).

A plaintiff seeking to hold a state-actor defendant personally liable under § 1983 must ultimately prove that such defendant, "through the official's own individual actions, has violated" a right secured to the plaintiff by the Constitution and laws of the United States. *Iqbal*, 556 U.S. at 676; *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). At the pleading stage, this requires the plaintiff to allege well-pled facts supporting a reasonable inference that the defendant, while acting under color of state law, was personally involved in the conduct complained of and acted with the state of mind required to violate the federal right in question. *See Iqbal*, 556 U.S. at 678-79; *Brown*, 662 F.3d at 1163.

Acts taken in a person's supervisory capacity may give rise to individual-capacity liability under § 1983. *See Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014). Because § 1983 does not "authorize liability under a theory of respondeat superior," however, a plaintiff "must show an affirmative link between the supervisor and the constitutional violation" in order to recover against the supervisor personally. *Id.* (internal quotation marks omitted). A plaintiff must establish three elements to state "a § 1983 claim against a defendant based on his or her supervisory responsibilities: (1) personal involvement; (2) causation; and (3) state of mind." *Id.* (omission and internal quotation marks omitted). The first and second elements may be satisfied by demonstrating that the supervisor-defendant knowingly "set in motion a series of events" or promulgated a policy that "caused the complained of constitutional harm." *Dodds v.*

4

*Richardson*, 614 F.3d 1185, 1195-96, 1199 (10th Cir. 2010). The third element requires a plaintiff to show that the supervisor-defendant acted or failed to act with the same state of mind as required for "the subordinates to commit the underlying constitutional violation." *See Estate of Booker*, 745 F.3d at 435.

Liberally construed, Plaintiff alleges that requiring intoxicated and mentally ill inmates to reside in double-occupancy cells with raised bunks violates the Eighth and/or Fourteenth Amendments because such conditions pose a substantial risk of serious harm to inmates' safety.[3] *See* Compl. at 2-4. "To the extent [Plaintiff] attempts to rely on indignities suffered by other inmates," however, "he lacks standing to seek redress for injuries committed against others." *Savage v. Fallin*, No. 16-6083, 2016 WL 5416360, at *3 (10th Cir. Sept. 27, 2016) (citing *Swodoba v. Dubach*, 992 F.2d 286, 289-90 (10th Cir. 1993)). To establish standing, Plaintiff must allege "specific facts" that either "connect[] the allegedly unconstitutional conditions with his own experiences" or "indicat[e] how the conditions caused him [an] injury" that can be redressed in this lawsuit. *Swodoba*,

---

[3] It is not clear whether Plaintiff was an arrestee, a pretrial detainee, or a convicted prisoner while he was incarcerated at Cleveland County Jail. If Plaintiff was an arrestee or a pretrial detainee, then the legal standards governing the conditions of his confinement derive from the Fourteenth Amendment's due-process protections and not from the Eighth Amendment's ban on cruel and unusual punishments. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The undersigned need not resolve Plaintiff's detention status, however, because in this circuit "the Eighth Amendment standard provides the benchmark" for reviewing conditions-of-confinement claims brought by all three classes of incarcerated persons. *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (pretrial detainees and convicted prisoners); *accord Bass v. Goodwill*, 356 F. App'x 110, 115-17 (10th Cir. 2009) (affirming district court's application of the Eighth Amendment standard to an arrestee's conditions-of-confinement claim); *see also United States v. Brown*, Nos. 15-7018, -7020, -7029, -7030, 2016 WL 3548373, at *6 n.6 (10th Cir. June 27, 2016) (citing *Craig*, 164 F.3d at 495).

992 F.2d at 289-90. Plaintiff alleges minimally specific facts describing his experience as a mentally ill inmate "on suicide watch" during his detention at Cleveland County Jail. *See* Compl. at 2, 4.

Plaintiff does not allege any facts supporting a reasonable inference that Sheriff Lester was "personally involved" in the decision by unidentified "jail officials and nursing staff" to order mentally ill inmates on suicide watch, including Plaintiff, to be housed in cells with double bunks. *See* Compl. at 1-2, 4, 6. Indeed, Plaintiff does not mention Sheriff Lester in his Complaint at all except to identify him as a Defendant. *See id.* at 1-2, 4, 6. Plaintiff's vague allegation that "jail officials" were fully aware of the safety risks mentally ill inmates faced when confined in these cells cannot be the basis for "personal liability because it does not specifically allege how [Sheriff Lester] acted in [Plaintiff's] case or even that he knew about" this conduct. *Brown*, 662 F.3d at 1165; *see* Compl. at 2, 4.

Plaintiff's attempt to hold the "jail medical services" department's "nursing staff" liable for damages fails for similar reasons. Compl. at 2, 4, 6. "[I]t is particularly important in a § 1983 case brought against a number of government actors sued in their individual capacit[ies] that the complaint make clear exactly who is alleged to have done what to whom as distinguished from collective allegations." *Brown*, 662 F.3d at 1165 (omissions and internal quotation marks omitted). Here, the Complaint "fails to isolate the allegedly unconstitutional acts" of any individual "jail medical services" employee because Plaintiff has "mistakenly grouped [them] in a single allegation." *Id.* (internal quotation marks omitted); *see* Compl. at 2, 4, 6.

Even if Plaintiff had named individual jail officials and nursing staff as defendants, however, his Complaint still falls short of showing that he is entitled to relief under § 1983. "The Eighth Amendment requires jail officials to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *Craig*, 164 F.3d at 495 (internal quotation marks omitted). But "jail conditions may be 'restrictive and even harsh' without violating constitutional rights." *Id.* (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998)). "Indeed, 'only those deprivations denying the minimal civilized measures of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.'" *Id.* (omission omitted) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). This objective inquiry requires the Court to consider "the 'circumstances, nature, and duration' of the challenged conditions" in determining whether those conditions pose a sufficiently serious risk of harm to the inmate's health or safety. *DeSpain v Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994) ("[T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."); *Craig*, 164 F.3d at 495 (citing *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 304-05).

Plaintiff's Complaint offers little more than "naked assertion[s], devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678, that housing mentally ill inmates in double-occupancy cells with raised bunks *in itself* poses a substantial risk of serious harm to Plaintiff's physical safety. *See* Compl. at 2, 4. Although Plaintiff asserts that he is at a

"heightened risk in [his] psychosis" of injuring himself "by falling from top bunks," Plaintiff does not allege that any jail official has forced him occupy a top bunk while in that vulnerable state or that he fell and was injured when doing so. *See* Compl. at 2, 4; *cf. Cardona v. Cook*, No. 2:11-cv-388, 2014 WL 119436, at *2 (D. Utah Jan. 13, 2014) (holding that a prisoner-plaintiff who "had a viable alternative to sleeping in a top bunk" could not satisfy the Eighth Amendment's objective component (citing *Williams v. Ramos*, 71 F.3d 1246, 1250-51 (7th Cir. 1995) (holding that prison officials offering a prisoner the choice between an upper bunk "in his preferred living situation" and a lower bunk in a less desirable housing unit did "not rise to a constitutional violation"))).

It is settled that "double celling" prisoners in itself does not violate the Eighth Amendment. *See Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981); *Tyree v. Ward*, 43 F. App'x 351, 354 (10th Cir. 2002). Even assuming that Plaintiff must share his "suicide watch" cell with another inmate, he does not describe the nature of that confinement with sufficient detail to support a reasonable inference that any deprivation resulting from the challenged condition is objectively sufficiently serious to state a plausible constitutional violation.

## RECOMMENDATION

The undersigned recommends that the Complaint (Doc. No. 1) be dismissed without prejudice on screening because it fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c)(1).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by November 21, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 31st day of October, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE